

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Tamar Y. Duvdevani
tamar.duvdevani@dlapiper.com
T   212.335.4799
F   917.778.8799

February 24, 2017
*VIA ECF*

The Honorable Alvin K. Hellerstein
United States District Judge for the Southern District of New York
Room 1050
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Matthew Lombardo and Who's Holiday LLC v. Dr. Seuss Enterprises, L.P.
      Case 1:16-cv-09974 (AKH) (SDNY)

Dear Judge Hellerstein:

We write on behalf of Dr. Seuss Enterprises, L.P. ("Dr. Seuss"), defendant in the above-referenced action, in response to Dramatists Legal Defense Fund's ("DLDF") *amicus curiae* letter (the "Letter"), filed without Dr. Seuss's consent on February 17, 2017, and in opposition to Dr. Seuss's Partial Motion to Dismiss Matthew Lombardo and Who's Holiday LLC's (collectively, "Plaintiffs") tortious interference claim.  (Dkt. No. 19.)

Dr. Seuss did not consent to DLDF's request to file its *amicus curiae* letter because it is inappropriate for DLDF to insert itself into this private litigation.  DLDF cannot meet the criteria of Fed. R. Civ. P. 24.  DLDF is not a "friend of the court", but rather a "friend of Plaintiffs" as DLDF admits that Plaintiff "Matthew Lombard is a member of the Guild." (Dkt. No. 19 at 2.)

Indeed, DLDF has shown no basis to depart from accepted practice, which is that *amicus curiae* submissions are not generally accepted at the district court stage.  Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court permit amicus filings.  This is in contrast to Fed. R. App. P. 29. Courts have recognized that there is a fundamental difference between amicus participation at the appellate level versus the district court level, where amicus participation in district court litigation is the exception.  This is particularly true where the filing is without one party's consent.  As the First Circuit aptly states, "we believe a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

The Supreme Court in *Northern Securities Co. v. U.S.*, 191 U.S. 555, 556 (1903) set forth three criteria for evaluating when amicus participation should be allowed: (1) whether all parties consented to amicus participation; (2) whether the amicus had a legally protectable interest in



Judge Hellerstein
February 24, 2017
Page Two

another lawsuit which involved similar issues and would be affected by the outcome of the pending case; and (3) whether current counsel was not competent.[1] DLDF satisfies none of these criteria. Dr. Seuss did not consent to DLDF's filing of its *amicus curiae* letter; DLDF does not state that it has an interest in another lawsuit with similar issues that could be affected by the outcome of this proceeding; and Plaintiffs are already represented by competent counsel who can – and did – present their arguments on the Motion to Dismiss, including the argument presented by DLDF in its Letter.

Importantly, DLDF cites no authority for its proposition that the Second Circuit or this Court should extend the express statutory duty of good faith imposed on owners under the Digital

---

[1] It is thus no surprise that District Courts in this Circuit often deny requests to file *amicus curiae* papers when the motions are filed by friends of the parties, the filers have no interest in another case that would be affected, when the parties in this case are adequately represented, and when the Court needs no assistance in analyzing the issues before it. *See, e.g., Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011) (proposed amicus "could not provide the Court with 'neutral assistance in analyzing the issues before it'"); *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 394 (E.D.N.Y. 2011) ("The interests of the Defendants here have been very well represented by Defense counsel"); *Jamaica Hosp. Med. Ctr., Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008) (amicus only appropriate where a party to the litigation was not represented competently, or amicus has interest in another case that would be affected, or has "unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide," a standard not met); *SR Int'l Bus. Ins. Co. Ltd. v. World Trade Ctr. Properties, LLC*, 407 F. Supp. 2d 587, 590 (S.D.N.Y. 2006) ("this court knows the difference between a friend of the court and a friend of one of the litigants"); *S.E.C. v. Bear, Stearns & Co. Inc.*, 2003 WL 22000340, *6 (S.D.N.Y. Aug. 25, 2003) ("this Court does not believe that [proposed amici] are seeking to assist the Court in clarifying the issues as an objective, neutral, dispassionate 'friend of the court'…. Conferring amicus status on such partisan interests is inappropriate."); *Long Island Soundkeeper Fund, Inc. v. New York Athletic Club of City of New York*, 1995 WL 358777, *1 (S.D.N.Y. June 14, 1995) ("Denial of leave to appear as amicus in a situation such as this, in which the applicant appears to have its own particular interests in the outcome of the litigation, is far from unprecedented"); *United States v. El-Gabrowny,* 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994) ("The [proposed amicus] brief contains authority already known to the court and reviews familiar lines of argument"); *United States v. Gotti,* 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) ("Rather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the [amicus] has come as an advocate for one side, having only the facts of one side at the time. In doing so, it does the court, itself and fundamental notions of fairness a disservice.").



Judge Hellerstein
February 24, 2017
Page Three

Millennium Copyright Act ("DMCA") to New York tort causes of action whose elements are well defined in New York law, or even to the Copyright Act generally. DLDF, like Plaintiffs, only provides a Ninth Circuit case, *Lenz v. Universal Music Publ'g Group*, 801 F.3d 1126, 1129 (9th Cir. 2015), which is limited to the DMCA's statutory requirements that a Copyright owner must consider fair use before issuing DMCA takedown notices. *Id.* This Ninth Circuit case is not relevant to Dr. Seuss's pending motion to dismiss, and the Letter is thus unhelpful to the Court.

Moreover, it is well-settled that in New York, the good or bad faith of the defendant is irrelevant to whether a claim for tortious interference is stated, and intellectual property owners are entitled to send letters enforcing their valid intellectual property rights without being subjected to a tortious interference claim. *See Foster v. Churchill*, 87 N.Y.2d 744, 751 (1996) (While "the lower court found that respondents did not show good faith in their actions, and may have acted in bad faith, there was no evidence that independent torts were committed, nor were respondents' actions advanced to serve some personal interest. Respondents were clearly acting in the economic interest of Microband, which was on the brink of insolvency. To the extent that respondents acted to preserve the financial health of an ailing Microband, their actions were economically justified . . . . While the absence of good faith motivated respondents' actions, such actions were justified by economic considerations respecting Microband."); *see also* cases set forth in Dr. Seuss's opening brief, Dkt. No 15 at 10-11, 14-18.

For the foregoing reasons, Dr. Seuss respectfully requests that the Court reject the *amicus curiae* letter submitted by DLDF in opposition to Dr. Seuss's Partial Motion to Dismiss.

We appreciate the Court's consideration of this request.

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Tamar Y. Duvdevani*

Tamar Y. Duvdevani
Partner

TYD

cc: Via ECF



Judge Hellerstein
February 24, 2017
Page Four


Jordan Greenberger, Esq.
J. Greenberger, PLLC
(Counsel for Plaintiffs)