# EXHIBIT 4

**ENGAGEMENT LETTER**

The law practice of
# J. GREENBERGER, PLLC

(718) 502-9555                                                                   Jordan Greenberger, Esq.
www.jgreenbergerlaw.com                                              jordan@jgreenbergerlaw.com

December 6, 2016

Matthew Lombardo @aol.com)
New York, NY 10036

      Re:    <u>Letter of Engagement (*Revised*)</u>

Dear Matthew,

    Further to our various communications and the comments from Mr. Sendroff, thank you for engaging J. Greenberger, PLLC (the "Firm"). This letter of engagement, including the attached Terms of Engagement (the "Terms"),[1] confirms the terms on which the Firm has been engaged. If we subsequently agree to expand the scope of our engagement, this letter and the incorporated Terms will govern our expanded engagement unless otherwise agreed upon in writing.

    <u>Scope of Engagement</u>:    The Firm is being engaged to represent you concerning Dr. Seuss Enterprises, L.P.'s claim that your play, "Who's Holiday!", infringes "How The Grinch Stole Christmas!" It is anticipated that we will commence a federal lawsuit before the end of this year requesting a judgment declaring that your play is a parody of "Grinch" and is protected from Seuss's claim by the "fair use" doctrine (like the "3C" case). We also anticipate including a claim to recover damages for the financial losses caused by Seuss's cease and desist letters (e.g., loss of deposit, amounts paid to the actress, amounts paid for design/costumes). You agree to co-operate with the Firm in all aspects of the litigation, including promptly providing information/documents as requested and appearing (in court or at a deposition) as required.

    <u>Fees</u>:    The Firm's fees shall be paid as follows.

1. If we succeed after the case is filed on the "fair use" / infringement issue, meaning that the Court or trier of fact finds in your favor that the play is "fair use" and/or does not infringe "Grinch" (or we are otherwise deemed the prevailing party for purposes of the statute) then we will make an application to the Court for an award of attorney's fees based upon the number of hours the Firm has spent on the case and the Firm's fee shall be the amount awarded ("Statutory Award"). But if the Court does not grant a Statutory Award, then the Firm's fees shall be based upon the number of hours worked by each lawyer and legal assistant multiplied by their hourly billing rates then in effect (the "Hourly Fee"). I will be performing the main work on your matter, and my discounted hourly rate for this matter is $380/hour. Your liability for

---

[1] The Terms are also available online at www.jgreenbergerlaw.com/terms. If there is conflict between this letter and the Terms, then this letter controls.

J. Greenberger, PLLC                                                                            December 6, 2016
Matthew Lombardo

       the Hourly Fee shall be capped at a total of fifty thousand dollars ($50,000) (the "Cap").

2. If there is some circumstance where we succeed after the case is filed *only* on the monetary damages issue, then the Firm's fee shall be equal to one-third (1/3) of the gross recovery ("Contingency Fee").

3. If there is a settlement with Seuss after you execute this engagement letter, then the Firm's fee shall be equal to one-third (1/3) of the gross amounts payable to you under the settlement ("Settlement Fee").  If Seuss agrees as part of the settlement to pay the Firm's fees based on an hourly-fee basis, then the Firm may elect, within its sole discretion, to accept such monies as its fee in lieu of the one-third amount.

4. If there is no settlement and we also do not prevail on both issues ("fair use" and monetary damages) after exhausting all appeals, then the Firm will not be due a fee. Nor will you be required to reimburse the Firm for expenses or incidental costs, as further explained below.

5. For the avoidance of doubt, if after commencing the lawsuit you are able to perform or exploit the play because of a favorable outcome in the litigation and/or an agreement with Seuss, then the Firm is entitled to a fee.  If this letter does not unambiguously address how that fee will be calculated, then the Firm's fees shall be the lesser of an Hourly Fee or the Cap and, unless otherwise agreed upon, are to paid monthly from one third (1/3) of the gross income arising out of or relating in any way to exploitations of the play.

    Expenses or incidental costs that are incurred (such as filing fees, postage, copying fees, court reporters, and fees incurred by outside vendors) are separate from and in addition to the Firm's fees, as further explained in the Terms.  Such costs or expenses shall not be included in calculating the Firm's fee, and shall be paid to the Firm within thirty (30) days of the first public performance of the play, unless the Firm's fee is the Settlement Fee or Contingency Fee in which case such costs or expenses shall be paid to the Firm out of your two-thirds (2/3) portion of the recovery as monies are paid on behalf of Seuss.

    I will be performing the main work on your matter.  From time to time, additional lawyers and legal assistants may work on your matter, depending on the amount of work to be done, the relevant time constraints and the requisite expertise, experience and availability of personnel.  In those instances, the hourly rate for such other personnel will be no more than my then-prevailing hourly rate, and I will provide further rate information upon your request.  As with all aspects of our relationship, I would be pleased to discuss staffing issues with you at any time.

    All monies that may be subject, in whole or in part, to payment of the Firm's fees or reimbursement for costs/expenses shall be paid in a manner directed by the Firm.  Best efforts will be made for any wire or check from Seuss to be made payable to the Firm so that all amounts owed to the Firm may first be deducted before or at the same time as your receipt of the

J. Greenberger, PLLC                                                                         December 6, 2016
Matthew Lombardo

funds.  If monies are paid directly to you (and not the Firm), then you will pay by wire all amounts then due to the Firm within two (2) business days.  If monies are to be paid on behalf of Seuss in installments, the Firm may, in its sole discretion, collect the monies due the Firm off-the-top before any distributions are made to you.

      If we are unsuccessful at the trial court level, the Firm reserves its right to withdraw from representing you on an appeal.  If the Firm does not represent you on appeal and you succeed on appeal (e.g., the district court is reversed in your favor), the Firm is still due its fees for the work it performed at the lower court level.  If the Firm withdraws from representing you at the lower court level, then the Firm is still due its fees if you continue the case (with or without other counsel) and the case results in an outcome that would have resulted in the Firm being due a fee if it had not withdrawn.

      <u>Billing</u>:     You will be sent invoices generally on a monthly basis with payment due, in accordance with this letter and the Terms.  If you have a question, please contact me immediately.

      If a dispute over fees arises, you may be entitled under Part 137 of the Rules of the Chief Administrator of the Courts to participate in the New York State Fee Dispute Resolution Program.  That program provides for mandatory arbitration or mediation of fee disputes upon the client's timely request in certain situations and is more fully explained in the Terms.  Any other disputes shall be resolved by arbitration as provided in the Terms.

      This engagement letter has been revised based on comments received from your other attorney, Mark Sendroff.  Once you have read and had the opportunity to discuss the terms of this revised engagement, please promptly countersign and return to me a copy of this letter.  To expedite matters, you may email to me a countersigned copy of this letter.  The Firm will not perform any work on your matter until a countersigned copy of this letter is received by the Firm.

J. Greenberger, PLLC
Matthew Lombardo
December 6, 2016

I look forward to working with you, and if you become dissatisfied with any aspect of our relationship please bring that to my attention immediately. Likewise, if you have any questions, please do not hesitate to call me.

Very truly yours,

J. GREENBERGER, PLLC

*Jordan Greenberger*
Jordan Greenberger
Managing Member

AGREED TO AND ACCEPTED:

MATTHEW LOMBARDO

[Signature]

Home Address: REDACTED NYC 10036

Home Tel. No.: _____

Mobile Tel. No.: REDACTED

Social Security #: XXX – XX – REDACTED

WHO'S HOLIDAY LIMITED LIABILITY COMPANY

[Signature]
By: Matthew Lombardo, Its Managing Member

Tax I.D. #: REDACTED

[LLC added to agreement December 13, 2016]